UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS D. KRAEMER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S DEPARTMENT OF JUSTICE, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 1:22-cv-03265 (UNA) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and additional submissions, as well as his application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court will grant plaintiff's application for leave to proceed IFP and dismiss the case for the reasons explained below.

On November 4, 2022, plaintiff first filed a prolix complaint, ECF No. 1, totaling 144 pages. Later that same day, plaintiff filed a motion for leave to amend that complaint, ECF No. 4, enclosing the proposed amended complaint, which presents the same exact allegations as the original complaint but, as stated by plaintiff, merely serves to "correct errors [type-os]." In the days following, plaintiff has filed, without leave, supplemental briefing totaling 74 pages, *see* ECF Nos. 6–10, and a motion for preliminary injunction ("PI") and temporary restraining order ("TRO"), ECF No. 5, which reiterates the same themes contained in the complaint and proposed amended complaint.

As far as it can be understood, plaintiff brings this action on behalf of himself and his daughter, seeking damages against the United States Department of Justice and the United States Attorney's Office for the District of Delaware. The complaint and its supplements, taken together or separately, are incomprehensible. The allegations are vague, rambling, and incongruent, and

arise from plaintiff's fundamental belief in a widespread conspiracy orchestrated against him by local and state police, federal officials, and judges, purportedly involving a range of wrongdoing, including, but not limited to: torture, "outsourcing" of special education, interference with disability and Medicaid payments, ransom payments, sex trafficking and forced labor, wiretaps, theft, abduction, attempted murder, "terror cell networks," and "violent corruption."

The complaint fails to comply with several Federal and Local Rules of Civil Procedure. *See, e.g.*, Fed. Rs. Civ. P. 9(b), 10(b), (c), D.C. LCvR 5.1(c)(1), (d), (e), and (g).  Most notably, the complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8.  *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8."  *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant complaint falls into this category.  Neither the court nor defendants can reasonably be expected to identify plaintiff's claims, and the complaint also fails to set forth

allegations with respect to this court's subject matter jurisdiction over plaintiff's entitlement to relief, if any. To the same end, plaintiff's motion for leave to amend the complaint, ECF No. 4, is denied. As noted, the proposed amended complaint is identical in substance to the original, and leave to amend will not be granted when, as here, it would be futile. *See Richardson v. United States*, 193 F.3d 545, 548–49 (D.C. Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). And plaintiff's pending motion for PI and TRO is equally incomprehensible and deficient and is denied for the same reasons.

    Consequently, this matter is dismissed without prejudice. Plaintiff's pending motion for appointment of counsel, ECF No. 12, is denied as moot. A separate order accompanies this memorandum opinion.

DATE: December 1, 2022　　　　　　　　　____/s/_____
　　　　　　　　　　　　　　　　　　　　　JAMES E. BOASBERG
　　　　　　　　　　　　　　　　　　　　　United States District Judge